## Swann's Administratrix v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided October 26, 1915.)

### Appeal from Boyle Circuit Court

Appeal and Error—Mandate and Proceedings in Lower Court—Instructions.—Where on appeal the appellate court reversed a judgment with directions to grant a directed verdict for the defendant if upon another trial the evidence was substantially the same, and upon another trial the evidence was so, the trial court properly directed a verdict in conformity with the former opinion.

ROBERT HARDING, O'REAR & WILLIAMS, JOHN W. RAWLINGS and EMMET PURYEAR for appellant.

CHARLES H. RODES, NELSON D. RODES and JOHN GALVIN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

M. B. Swann, a construction foreman in the employment of the Cincinnati, New Orleans & Texas Pacific Railway Company, was struck and killed by the Carolina special, a fast passenger train operated by the railway company, on February 9, 1911, at Williamstown.

An action to recover damages for the alleged negligent killing of Swann was brought by his administratrix in the Boyle Circuit Court, and the judgment therein re-

covered was reversed by this court upon the ground that a verdict should have been directed for the defendant. C., N. O. & T. P. Ry. Co. v. Swann's Administratrix, 149 Ky., 141; 147 S. W., 889.

That action on its remand to the trial court was dismissed without prejudice, and another was brought seeking a recovery of damages for the death of Swann, in virtue of the provision of the Act of Congress known as the Employers' Liability Act. A judgment therein recovered was reversed by this court and the case remanded with directions that if the evidence upon another trial was substantially the same as that introduced on the previous trials, the jury should be peremptorily instructed to find for the defendant. C., N. O. & T. P. Ry. Co. v. Swann's Administratrix, 160 Ky., 458; 169 S. W., 886.

The facts are fully stated in the former opinions. It is unnecessary to review them here in detail. For the purposes of this opinion, it is sufficient to say that Swann was superintending a force of men engaged in digging a pit for a water-column in the yards of the railway company at Williamstown, and while performing this service was struck and killed by the train above mentioned. A recovery was denied upon the ground that it was his duty to keep himself advised of the time of the arrival of trains so that he might have the track clear of tools and materials used in the work he was superintending, and that those in charge of the train which struck him owed him no duty of reducing the speed of the train or of having it under control or of giving warning of its approach or of keeping a lookout for him.

Upon the return of the case, it was again tried, and at the conclusion of all the evidence, the trial court directed a verdict for the defendant. The plaintiff appeals.

Appellant contends that the evidence introduced on this last trial presented the case in a different light from that of the former trials in that it is claimed that the testimony on the last trial showed that it was not the duty of Swann to keep advised of the time of the arrival of trains. We are unable to agree with this contention. As we view it, the evidence is substantially the same as on the previous trials and shows beyond cavil that such was Swann's duty, and that he belonged to that class of employes to whom those operating a train owe no duty until the discovery of their peril.

We have been unable to find any substantial change in the evidence in this or any other respect; and, such being the fact, under the opinion of the court on the former appeal, the trial court was right in directing the verdict for the defendant.

Judgment affirmed.